UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMBERLY MONROE-PIERCE,

    Plaintiff,

v.

CASE NO.:

DOLLAR TREE STORES, INC.,

    Defendant.
_____/

**DEFENDANT, DOLLAR TREE STORES, INC.'S
NOTICE OF REMOVAL**

Defendant, **DOLLAR TREE STORES, INC.** (hereinafter, "Defendant" or "Dollar Tree"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the Circuit Court for the Sixth Judicial Circuit, in and for Pinellas County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, on the following grounds:

**BACKGROUND**

1.    On or about July 28, 2021, KIMBERLY MONROE-PIERCE ("Plaintiff") filed her initial Complaint, styled *Kimberly Monroe-Pierce v. Dollar Tree Stores Inc.*, Case No.: 21-003609-CI ("Complaint") in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida ("State Court").

2.    On August 2, 2021, Plaintiff served her Summons and Complaint on

Dollar Tree through its agent for service of process, a copy of which is attached hereto.

3. On August 20, 2021, Dollar Tree filed its Answer and Defenses to Complaint and Demand for Jury Trial, a copy of which is attached hereto.

4. There is jurisdiction over this removed action pursuant to 28 U.S.C. § 1441, because this action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332. Specifically, this Court has jurisdiction over this civil action because there is the requisite diversity of citizenship between the Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

## AMOUNT IN CONTROVERSY

5. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Plaintiff's Complaint does not set forth a specific amount of damages. Instead, in her Complaint, Plaintiff alleges, "[t]his is an action for damages exceeding Thirty Thousand dollars ($30,000.00)" (Complaint at ¶ 1). And Plaintiff further alleges:

> As a direct and proximate result of DOLLAR TREE's breach of its duties, Ms. Monroe-Pierce suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, loss of an important bodily function, physical impairment, inconvenience, expense of hospitalization, medical and nursing care and treatment, aggravation of a previously existing condition and other damages. These damages are either permanent or continuing and Ms. Monroe-Pierce will suffer losses in the future.

(Complaint at ¶ 21).

7. However, on May 5, 2021, Plaintiff's counsel sent Dollar Tree a pre-suit demand letter that included supporting medical records, and a summary of Plaintiff's medical charges ("Demand Packet"). According to Plaintiff's Demand Packet, Plaintiff was diagnosed with multiple conditions, including right partial rotator cuff tears, right medial meniscus tear, and partial tear of right ACL. Plaintiff also claimed that her "injuries cause her daily pain and interfere with all aspects of her life . . . She will have to live with these injuries for the rest of her life." Moreover, Plaintiff claims she has incurred $65,621.37 in medical bills as a result of the subject incident. Plaintiff "conservatively estimate[s]" that "damages for past medical expenses … future medical expenses … and past and future pain and suffering and diminished capacity for the enjoyment of life, easily exceed $250,000. Accordingly, Mrs. Monroe-Pierce demands payment of $250,000 in satisfaction of her damages." A copy of the demand letter is attached hereto as **Exhibit "B"**.

8. "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

9. A pre-suit demand letter "supported by documented medical bills and specific medical diagnoses [ ]…may be sufficient to plausibly allege that the amount in controversy exceeds $75,000." *Hernandez v. Burlington Coat Factory*

*of Fla., LLC*, No. 2:15-CV-403-FTM-29CM, 2015 WL 5008863, at *2 (M.D. Fla. Aug. 20, 2015) (citing *Scott v. Home Depot U.S.A., Inc.*, No. 11-62426-CIV, 2012 WL 86986, at *3 (S.D. Fla. Jan. 11, 2012)). In *Thompson v. Columbia Sussex Corp.*, 2:16-CV-435-FTM-29CM, 2016 WL 6134868, at *3 (M.D. Fla. Oct. 21, 2016), the Court found:

> Here, Plaintiffs' pre-suit demand not only references medical bills totaling $67,000, it also lists three medically-diagnosed conditions (arm fracture, facial contusions, and shoulder strain), resulting in 13% upper extremity impairment and 8% "whole person" impairment. Accordingly, the Court finds that Plaintiffs' pre-suit demand credibly supports the conclusion that the value of Mrs. Thompson's claim exceeded $75,000 at the time of removal. *Id.*; *see also Moraguez v. Walgreen Co.*, No. 6:15-CV-1579-ORL-28TBS, 2015 WL 7863008, at *2 (M.D. Fla. Dec. 3, 2015).

10.     "[T]he district court must determine whether it had subject matter jurisdiction at the time of removal. That is, events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction." *Poore v. Am.-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1290-91 (11th Cir. 2000) (overruled in part on other grounds). "It therefore logically follows that subject matter jurisdiction is not defeated simply because the parties might anticipate a future reduction in recoverable damages." *Henry v. K-Mart Corp.*, No. 8:10-CV-2105-T-33MAP, 2010 WL 5113558, at *4 (M.D. Fla. Dec. 9, 2010) ("Because Henry is, at the time of removal, entitled to seek $78,856.64 in medical expenses (regardless of a future set off), K–Mart has met its burden in establishing the required amount in

controversy for federal subject matter jurisdiction. Therefore, the Court denies the motion to remand.").

11. While settlement offers do not automatically establish the amount in controversy for purposes of diversity jurisdiction, courts may analyze for whether the demand letter merely reflects puffing and posturing, or whether the letter provides specific information to support the Plaintiff's claim for damages. *See Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, 3:10-CV-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) ("courts have analyzed whether demand letters merely 'reflect puffing and posturing,' or whether they provide 'specific information to support the plaintiff's claim for damages' and thus offer a 'reasonable assessment of the value of [the] claim.'"). Here, Plaintiff's demand is little more than three times her documented medical expenses, and she provides specific information in support of her claims.

12. A defendant's notice of removal may assert the amount in controversy if the complaint seeks (a) non-monetary relief or (b) a money judgment and the State practice permits recovery in excess of the amount demanded. 28 U.S.C. § 1446(c)(2)(A)(ii). As the Supreme Court has held, the notice "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Mangano v. Garden Fresh Restaurant Corp.*, Case No. 2:15-cv-477-FtM-99MRM, 2015 WL 5953346, at *1 (M.D. Fla. Oct. 13, 2015) ("A Notice of Removal must plausibly allege the

jurisdictional amount, not prove the amount") (citing *Dart*, 135 S. Ct. at 554). Although Plaintiff has not alleged in the Complaint that the amount in controversy exceeds $75,000.00, the Court is entitled to rely on its judicial experience and common sense in determining that a cause of action is likely to exceed $75,000.00 and therefore meets the jurisdictional limits of the Court. Defendant's allegations to establish jurisdiction can be "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka v. Kolter City Plaza Two, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *Id.*

13.     Taken together, the damages alleged in Plaintiff's Complaint, and the claims set forth in Plaintiff's Demand Packet establish, by a preponderance of the evidence, that the amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs; thus, this Court has subject matter jurisdiction at the time of removal, pursuant to 28 U.S.C § 1332(a).

## DIVERSITY OF CITIZENSHIP

14.     Pursuant to 28 U.S.C. § 1332(a)(1), the matter in controversy is between citizens of different States.

15.     Upon information and belief, Plaintiff is a citizen of Florida. Dollar Tree is a citizen of the Commonwealth of Virginia.

16. For diversity purposes, citizenship is equivalent to "domicile." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* at 1257-58. *See also Diller v. Heartland AG Group of Springfield, Inc.*, 5:10-CV-672-OC-34TBS, 2011 WL 13295824, at *3 (M.D. Fla. Sept. 28, 2011). To discern intent, the Court may consider factors including "home ownership, driver's license, voting registration, location of family, location of business and where taxes are paid." *Turner v. Penn. Lumbermen's Mut. Fire Ins. Co.*, No. 3:07-cv-374-J-32TEM, 2007 WL 3104930, at *4 (M.D. Fla. Oct. 22, 2007); *see Juvelis v. Snider*, 68 F.3d 648, 654 (3d Cir. 1995) ("Persuasive evidence of intent can include establishment of a home, place of employment, location of assets, and registration of car, and, generally, centering one's business, domestic, social, and civic life in a jurisdiction."); *see also McCormick*, 293 F.3d at 1258.

17. Plaintiff's Complaint does not allege her place of citizenship. Instead, her Complaint alleges that "Ms. Monroe-Pierce is a resident of Pinellas County, Florida." (Complaint at ¶2). However, medical records produced in Plaintiff's Demand Packet consistently reflect a St. Petersburg, Florida address for Plaintiff. In addition, Westlaw drivers' license, utility, voter registration, and property tax information also reflect a St. Petersburg, Florida address for Plaintiff. Westlaw information is attached hereto as **Composite Exhibit "C"**.

18. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business". 28 U.S.C.A. § 1332 (c)(1).

19. Dollar Tree is a citizen of the Commonwealth of Virginia. Specifically, Dollar Tree is incorporated in Virginia, and its principal place of business is in Chesapeake, Virginia.

20. Complete diversity of citizenship exists because Plaintiff is not a citizen of the same state as Defendant. *See* 28 U.S.C. § 1332(a). Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

## **PROCEDURAL COMPLIANCE**

21. This Court has original jurisdiction of this civil action because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. *See* 28 U.S.C. § 1332(a)(1).

22. This Notice of Removal is timely because it was filed within thirty days after being served with a copy of the pleading setting forth the claim for relief upon which this action is based. *See* 28 U.S.C. § 1446(b).

23. Removal to the Tampa Division of this Court is appropriate under Local Rules 1.04(a) because the action was filed in Pinellas County, Florida.

24. As required by 28 U.S.C. § 1446(a) and Local Rule 1.06(b), true and correct copies of all of the process, pleadings, orders and papers on file with the State Court in this action are attached hereto as **Composite Exhibit "A"**.

25. Pursuant to 28 U.S.C. § 1446(d), notice of this Notice of Removal is being provided to Plaintiff and the State Court Clerk contemporaneously with the filing of this Notice of Removal with this Court.

WHEREFORE, Defendant, **DOLLAR TREE STORES INC.**, by and through its undersigned counsel, respectfully notices the removal of this action now pending against it in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, Case No. 21-003609-CI to the United States District Court for the Middle District of Florida, Tampa Division.

Respectfully submitted,
HILL WARD HENDERSON

/s/ Sherilee J. Samuel
Sherilee J. Samuel (FBN 17499)
Lead Counsel
Cory J. Person (FBN 32950)
Nicole D. Walsh (FBN: 111961)
3700 Bank of America Plaza
101 East Kennedy Boulevard
P.O. Box 2231
Tampa, FL 33601-2231
PH:   813-221-3900
FAX:  813-221-2900
Email:  sherilee.samuel@hwhlaw.com
Email:  cory.person@hwhlaw.com
Email:  nicole.walsh@hwhlaw.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via the *Florida Courts E-Filing Portal* on **September 1, 2021** to **DANIEL J. McBREEN, ESQUIRE, OF McBREEN & NOWAK, P.A.,** Attorneys for Plaintiff, at dan@mcbreennowak.com and eric@mcbreennowak.com.

/s/ Sherilee J. Samuel
HILL WARD HENDERSON
*Attorneys for Defendant, Dollar Tree Stores, Inc.*